# Weisberg Law, P.C.
## also t/a Consumer Justice Alliance
### *Attorneys at Law*

**7 South Morton Avenue**
**Morton, Pennsylvania 19070**
**Ph: 610.690.0801**
**Fax: 610.690.0880**

Philadelphia County, Pennsylvania
1500 Walnut St., Ste. 1100
Philadelphia, PA 19102

Camden County, New Jersey
Two Aquarium Dr., Ste. 200
Camden, NJ 08103

Web-Site: **www.weisberglawoffices.com**
**E-Mail**: mweisberg@weisberglawoffices.com

*Matthew B. Weisberg*∗^
Graham F. Baird^
Robert P. Cocco~+

*NJ & PA Office Manager
^Licensed in PA & NJ
~Licensed in PA
+Of Counsel

*Thursday, October 20, 2011*

**Via Fax (215) 580-2146 & ECF**
Honorable Norma L. Shapiro

      RE:    <u>Deborah Gosnell v. Elvin J. James, et al.</u>
              No.: 10-2684

Your Honor:

      Pursuant to this Honorable Court's Chambers' October 18, 2011 inquiry vis-à-vis status of this matter, plaintiff respectfully requests sixty (60) days within which to move this Court for leave to amend her Complaint to <u>join</u> the subject title company (in place of defendant, John Doe).

      At the time of this matter's initiation and thereafter, the subject title company was unknown (in this "foreclosure rescue scam": deed and equity conversion via false fraudulent refinance). In the meantime, foreclosing lender commenced a state foreclosure action which is intertwined with this action (to which instant plaintiff – there defendant – has proffered the instant subject matter as an affirmative defense towards perhaps an equitable mortgage if not settlement by way of remuneration for lost equity). Through the state foreclosure action, instant plaintiff attempted to identify the here title company, which was long-time obfuscated. For example, while there Defendant submitted to deposition, there plaintiff (foreclosing lender) scheduled its representative's deposition and then last-minute canceled. Instant plaintiff had hoped (and hopes) foreclosing lender's deposition would have provided more information for the instant action against putative title company defendant.

      Contemporaneously, state foreclosing lender's counsel is informally here representing putative title company defendant (and to that end has provided case law which title company

claims dispositive of this action in its favor).  Plaintiff is researching that case law so as to either offer a meritorious instant prosecution or withdrawal.


In sum, plaintiff requests sixty (60) days within which to move this Honorable Court for amendment to add the title company defendant or towards voluntary dismissal.  Plaintiff anticipates foreclosing lender's state deposition as well as her research vis-à-vis informal putative title company defendant's case law will have been completed.

Plaintiff thanks this Honorable Court for Your Honor's consideration of this request for sixty (60) days to move this Court to amend to add title company (or for voluntary dismissal). Plaintiff has been diligently working to identify not only the identity of the title company, in part, responsible for this foreclosure rescue scam, but also to ensure the factual, legal, and meritorious basis for an Amended Complaint through the state foreclosure action as well as informally between title company's counsel.


Sincerely,

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG


MBW/hcm
Cc: Edward J. Hayes, Esq. (Via ECF)